UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

KENNETH DEDMON,                              Case No.: 16-03698-PMG

        Debtor(s).
_____

**MOTION FOR APPROVAL OF PERMANENT LOAN MODIFICATION AGREEMENT BETWEEN DEBTORS AND U.S. BANK TRUST NATIONAL ASSOCIATION SERVICED BY BSI FINANCIAL SERVICES**
_____

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

      Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

      If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 and serve a copy on the movant's attorney, Candyce M. King, 2219 Park Street, Jacksonville, FL 32204; Douglas Neway, Trustee, P.O. Box 4308, Jacksonville, FL 32201, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

      If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

_____

      COMES NOW Debtor, by and through his undersigned attorney, and respectfully requests that this court enter an Order approving the loan modification agreement between the debtor and U.S. Bank Trust National Association serviced by BSI Financial Services and as grounds states:

1. U.S. Bank Trust National Association is the first mortgage holder on the debtor's homestead residence located at 7827 Gordean Road, Jacksonville, FL 32221.

2. BSI Financial Services is servicing the loan on behalf of U.S. Bank Trust National Association.

3. The debtor, Kenneth Dedmon, has a principal balance of $198,420.50 and the loan is in arrears in the amount of $23,612.63. The debtor's regular monthly payment is $752.17 and the loan has a fixed interest rate of 2.00%.

4. BSI Financial Services has offered the debtor a permanent loan modification that would adjust the debtor's monthly payment to $874.76 (of which $515.77 is principal and interest and $358.99 is for escrowed taxes and insurance). The modification adjusts the principle balance to $207,557.12, fixes the interest rate at 5.50%, and brings the debtor's mortgage current. The modification agreement is effective as of May 1, 2018 and the first permanently modified payment comes due on June 1, 2018. The new maturity date of the loan is May 1, 2058.

5. Additionally, $107,557.12 of the debtor's principal balance is deferred and non-interest bearing.

6. BSI Financial Services has stated that bankruptcy court approval is required.

7. The debtor believes entering into the loan modification agreement with the creditor is in their best interest.

8. A copy of the proposed modification terms offered by BSI Financial Services is attached to this motion as "Exhibit A".

WHEREFORE, Debtor respectfully requests that this Court enter an Order approving the loan modification agreement with BSI Financial Services.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was provided to: Berger Firm, P.A., c/o Chase A. Berger, Attorney for BSI Financial Services, Inc., 3050 Biscayne Blvd, Suite 402, Miami, FL 33137; Edward P. Jackson, 255 N. Liberty Street, First Floor, Jacksonville, FL 32202; Douglas W. Neway, Chapter 13 Trustee, P.O. Box 4308, Jacksonville, FL 32201-4308 and Office of the U.S. Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801, by electronic notice or by U.S. Mail, postage pre-paid this 27th day of July, 2018.

CANDYCE M. KING, P.A.

/s/ Candyce M. King
Candyce M. King

Florida Bar No. 307210
Sarah A. Mannion
Florida Bar No. 103087
2219 Park Street
Jacksonville, Florida 32204
Phone:  904/387-9886
Fax No.:  904/387-9862
Attorney for Debtor
*kingcandyce@bellsouth.net*

**After Recording Return To:**
BSI Financial Services
Attn: Recording Department
1425 Greenway Drive, Suite 400
Irving, Texas 75038
**This Document Prepared By:**
Ruth Ruhl, Esquire
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251

THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $107,557.12 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.

# LOAN MODIFICATION AGREEMENT
(Providing for Deferred Payment on the Maturity Date)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THIS LOAN AND ALL UNPAID INTEREST AND ANY OTHER AMOUNTS THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THIS LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER WITH WHOM YOU HAVE THIS LOAN, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Loan No.: 1461066699

This Loan Modification Agreement ("Modification"), is effective May 1st, 2018                , between Kenny R Dedmon aka Kenneth R Dedmon, a single person

("Borrower"),
whose address is 7827 Gordean Rd, Jacksonville, Florida 32221
and U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services                                         ("Lender"),
whose address is 1425 Greenway Drive, Suite 400, Irving, Texas 75038
and amends and supplements (1) the Note (the "Note") made by the Borrower, dated April 13th, 2007        , in the original principal sum of U.S.$ 155,700.00        , and (2) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), recorded on April 19th, 2007        , in Book/Liber 13933        , Page 1108        , Instrument No. 2007130467        ,        Records of Duval        County, Florida        .

"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible tax is $ 51,857.12        ."

FLORIDA LOAN MODIFICATION AGREEMENT                                                                                                    Page 1 of 5

Loan No.: 1461066699

The Security Instrument, which was entered into as security for the performance of the Note, encumbers the real and personal property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 7827 Gordean Rd, Jacksonville, Florida 32221
That real property is described as follows:

LOT 29 AND 30, RAMONA ACRES, ACCORDING TO MAP OR PLAT THEREOF RECORDED IN THE PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA, DEED BOOK 714, PAGE 118.
PARCEL ID: 007210-0000

     The Borrower has requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Modification. In consideration of the agreements made in this Modification, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows. The Borrower and Lender agree that the provisions of this Modification supersede and replace any inconsistent provisions set forth in the Note and Security Instrument.

1.     The Borrower represents that the Borrower   ☒ is,   ☐ is not, the occupant of the Property.

2.     As of the date of this Modification, the amount payable under the Note and the Security Instrument is $207,557.12 (the "Unpaid Principal Balance). The Unpaid Principal Balance consists of the amount of $100,000.00, which shall bear interest and amortize in accordance with this paragraph (the "Amortizing Amount") and the amount of $107,557.12, which shall not bear interest, except as provided in Section 4, and which shall not amortize. This latter amount is herein referred to as the "Deferred Payment" and is further defined in Section 4.

3.     Interest at the rate of 5.500% will begin to accrue on the Amortizing Amount as of May 1st, 2018 and the first new monthly payment on the Amortizing Amount will be due on June 1st, 2018. The new Maturity Date will be May 1st, 2058. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-40 | 5.500% | 05/01/2018 | $515.77 | $358.99 may adjust periodically | $874.76 may adjust periodically | 06/01/2018 | 480 |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |
| N/A | N/A | N/A | N/A | May adjust periodically | May adjust periodically | N/A | N/A |

*Escrow Impound is required as part of this Modification. The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.
     The Borrower will make such payments at   1425 Greenway Drive, Suite 400, Irving, Texas 75038
or at such place as the Lender may require.

4.     Borrower acknowledges that interest has accrued but has not been paid and Lender has incurred, paid or otherwise advanced taxes, insurance premiums and other expenses necessary to protect or enforce its interest under the Note and the Security Instrument, and that such interest, taxes, insurance premiums and other expenses in the total amount of $107,557.12 (collectively, the "Deferred Payment") will be due and payable on the Maturity Date or upon payment-in-full of all sums evidenced by the Note and this Modification and secured by the Security Instrument and this Modification, whichever first occurs. The Deferred Payment shall not bear interest if paid on the Maturity Date or if the Loan is paid in full prior to the Maturity Date. The Deferred Payment may not be paid separately prior to the Maturity Date. However, if Borrower defaults hereunder and fails to pay the Deferred Payment on the Maturity Date, then any such unpaid amount shall bear interest at the interest rate borne by the Note from such date up to, but not including, the date full payment of the Deferred Payment is made.

Loan No.:  1461066699

5. Except to the extent that they are modified by this Modification, the Borrower will comply with all other covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument.

Further, if applicable, the mortgage insurance premiums may increase as a result of the capitalization which will result in a higher total monthly payment. The date on which Borrower may request cancellation of mortgage insurance may change as a result of the Unpaid Principal Balance.

6. Nothing in this Modification shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Modification, the Note and Security Instrument will remain unchanged and in full effect, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Modification.

**THIS IS A BALLOON MORTGAGE AND THE FINAL PRINCIPAL PAYMENT OR THE PRINCIPAL BALANCE DUE UPON MATURITY IS $107,557.12 TOGETHER WITH ACCRUED INTEREST, IF ANY, AND ALL ADVANCEMENTS MADE BY THE MORTGAGEE UNDER THE TERMS OF THIS MORTGAGE.**

Loan No.: 1461066699

[To be signed by all Borrowers, endorsers, guarantors, sureties, and other parties signing the Note or Security Instrument].

_____ve(Le)18_____        _____/s/ Kenny R. Dedmon_____(Seal)
Date                                                                                Kenny R Dedmon aka Kenneth R Dedmon      –Borrower

_____        _____(Seal)
Date                                                                                                                                               –Borrower

_____        _____(Seal)
Date                                                                                                                                               –Borrower

_____        _____(Seal)
Date                                                                                                                                               –Borrower

## BORROWER ACKNOWLEDGMENT

State of   Florida         §
                           §
County of  Duval          §

The foregoing instrument was acknowledged before me this   de/ou/18   [date],
by Kenny R Dedmon aka Kenneth R Dedmon

                                                                                *[name of person acknowledging]*,
who is personally known to me or who has produced
*[type of identification]* as identification.
   F L  D L
                                                                                _____
                                                                                Signature of Person Taking Acknowledgment


Notary Public State of Florida
Hannah Hollander
My Commission FF 157101
Expires 09/04/2018

Name Typed, Printed or Stamped
Notary Public
Title or Rank

_____
Serial Number, if any

Loan No.: 1461066699

# LOAN MODIFICATION AGREEMENT
# BANKRUPTCY DISCLOSURE ADDENDUM

THIS LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM is made this 30th day of May, 2018, and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date, given by the undersigned (the "Borrower") which modifies Borrower's Note and Security Instrument to U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services

(the "Lender")

and covers the Property located at:

7827 Gordean Rd, Jacksonville, Florida 32221
*[Property Address]*

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Loan Modification Agreement by the bankruptcy court.**
2. Borrower will seek a discharge in a Chapter 13 bankruptcy proceeding **AFTER** the execution of Loan Modification Agreement;
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Loan Modification Agreement and this Loan Modification Agreement Bankruptcy Disclosure Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Loan Modification Agreement Bankruptcy Disclosure Addendum, the terms of the Loan Modification Agreement will remain unchanged and in full effect.

_____  
Kenny R Dedmon aka Kenneth R Dedmon -Borrower

_____ -Borrower

_____ -Borrower

_____ -Borrower

**LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM**  
**CHAPTER 13 ACTIVE BANKRUPTCY**

Page 1 of 2

Loan No.: 1461066699

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____  
Kenny R Dedmon aka Kenneth R Dedmon -Borrower

_____  
-Borrower

_____  
-Borrower

_____  
-Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)  
Page 1 of 1

# 1-4 FAMILY RIDER
# (Assignment of Rents)

Loan No.: 1461066699

THIS 1-4 FAMILY RIDER, made the 30th day of May, 2018 and is incorporated into and shall be deemed to amend and supplement the Loan Modification Agreement of the same date made by Kenny R Dedmon aka Kenneth R Dedmon, a single person

(the "Borrower")

and U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services

(the "Lender")

covering the Property described in the Loan Modification Agreement located at: 7827 Gordean Rd, Jacksonville, Florida 32221

[Property Address]

In addition to the covenants and agreements made in the Loan Modification Agreement, the Borrower and Lender covenant and agree as follows:

**1-4 FAMILY COVENANTS.** Notwithstanding any other covenant, agreement or provision of the Note and Security Instrument as defined in the Loan Modification Agreement, the Borrower agrees as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

---

MULTISTATE 1-4 FAMILY RIDER
FNMA/ FHLMC UNIFORM INSTRUMENT

Form 3170 01/01 (Modified)
Page 1 of 4

Loan No.: 1461066699

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument or the Loan Modification Agreement to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notices of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument and modified by the Loan Modification Agreement; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

---

**MULTISTATE 1-4 FAMILY RIDER**
**FNMA/ FHLMC UNIFORM INSTRUMENT**

Form 3170 01/01 (Modified)
Page 2 of 4

Loan No.: 1461066699

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument or the Loan Modification Agreement are paid in full.

**I.   CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

**J.   TERMS CONTROL PROVISION.** Except as otherwise specifically provided in this 1-4 Family Rider, the Loan Modification Agreement, the Note and Security Instrument will remain unchanged and in full effect.

_6/6/18_
Date

_[signature]_ (Seal)
Kenny R Dedmon aka Kenneth R Dedmon    -Borrower

_____ (Seal)
Date                                                                               -Borrower

_____ (Seal)
Date                                                                               -Borrower

_____ (Seal)
Date                                                                               -Borrower

MULTISTATE 1-4 FAMILY RIDER
FNMA/ FHLMC UNIFORM INSTRUMENT

Form 3170 01/01 (Modified)
Page 3 of 4

Loan No.: 1461066699

# CORRECTION AGREEMENT

**Borrower(s):** Kenny R Dedmon aka Kenneth R Dedmon    **Property:** 7827 Gordean Rd, Jacksonville, Florida 32221

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

"Borrower" is Kenny R Dedmon aka Kenneth R Dedmon    .

"Lender" is U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
"Security Instrument" means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $207,557.12 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____     _____
Kenny R Dedmon aka Kenneth  -Borrower (Date)                          -Borrower (Date)
R Dedmon


_____     _____
                       -Borrower (Date)                                -Borrower (Date)

Loan No.: 1461066699

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                              BORROWER:

N/A Modification                                     _Kenny R Dedmon_  6/6/18
_____(Date)                       Kenny R Dedmon aka Kenneth R Dedmon   (Date)


N/A Modification
_____(Date)                       _____(Date)


_____(Date)                       _____(Date)


_____(Date)                       _____(Date)


**ATTORNEY SELECTION NOTICE -MULTISTATE**                                  Page 1 of 1

Loan No.: 1461066699

U.S. Bank Trust National Association, as Trustee
of Bungalow Series F Trust by its attorney-in-fact,-Lender
BSI Financial Services

6/20/18
                -Date

By: _____

Its: _____

MULTISTATE 1-4 FAMILY RIDER  
FNMA/ FHLMC UNIFORM INSTRUMENT

Form 3170 01/01 (Modified)  
Page 4 of 4

Loan No.: 1461066699

U.S. Bank Trust National Association,
as Trustee of Bungalow Series F Trust —Lender
by its attorney-in-fact, BSI Financial
Services

6/26/18
-Date

By: _____

Its: _____

LOAN MODIFICATION AGREEMENT BANKRUPTCY DISCLOSURE ADDENDUM                             Page 2 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

Loan No.: 1461066699

U.S. Bank Trust National Association, as
Trustee of Bungalow Series F Trust by —Lender
its attorney-in-fact, BSI Financial
Services

By: _____

Printed Name: ___Joseph Salazar___

Its: _____

-Date

(Corporate Seal)

## LENDER ACKNOWLEDGMENT

State of           §
                   §
County of          §

The foregoing instrument was acknowledged before me this _____ , *[date]*,
by _____ , *name of officer or agent*,
*title of officer or agents]* of   U.S. Bank Trust National Association, as Trustee of Bungalow Series F Trust by its attorney-in-fact, BSI Financial Services

_____ , on behalf of said entity.

He/She is personally known to me or has produced
*[type of identification]* as identification.

(Seal)

_____
Signature of Person Taking Acknowledgment

_____
Name Typed, Printed or Stamped

_____
Notary Public
Title or Rank

_____
Serial Number, if any

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**

CIVIL CODE § 1189

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Orange_

On _June 20, 2018_ before me, _Heather Garcia, Notary Public_,
Date                                                      Here Insert Name and Title of the Officer

personally appeared _Joseph Salazar_
Name(s) of Signer(s)

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Heather Garcia_
Signature of Notary Public

HEATHER GARCIA
Notary Public - California
Orange County
Commission # 2122874
My Comm. Expires Aug 10, 2019

Place Notary Seal Above

──────────── **OPTIONAL** ────────────

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**
Title or Type of Document: _____  Document Date: _____
Number of Pages: _____ Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _____
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited  ☐ General
☐ Individual       ☐ Attorney in Fact
☐ Trustee          ☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907